Barbara L. BURKE, doing business
as United National Real Estate
and Thomas F. Burke

v.

Robert S. POTTER, alias, Potter Oil,
Inc., and Lyttle Realty, Ltd.

No. 00–257–A.

Supreme Court of Rhode Island.

April 3, 2001.

### ORDER

This case is here on the plaintiffs' appeal from a Superior Court judgment dismissing their action against the defendants, Robert S. Potter, alias, Potter Oil, Inc., and Lyttle Realty, Ltd. After a conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the memoranda submitted by the parties, we hereby decide this appeal without further briefing or argument.

On January 16, 1996, the plaintiffs filed a complaint in District Court seeking the payment of a real estate sales commission under the terms of an agreement entered into with the defendants. The plaintiffs were seeking a commission for property that was sold at a foreclosure sale. A judgment entered in favor of the plaintiffs and the defendants filed a timely notice of appeal to the Superior Court.

After a jury-waived trial, a justice of the Superior Court entered a judgment dismissing the plaintiffs' action. In his decision, the trial justice reviewed the evidence and concluded that a foreclosure sale was not "intended or contemplated by the parties to be included as another means meriting a commission."

On appeal, the plaintiffs challenged the trial justice's findings and allege that the language of the Buyer Agency Agreement provides for the payment of a broker's commission by the defendants. We disagree. We have stated that "clear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions" *Elias v. Youngken*, 493 A.2d 158, 163 (R.I. 1985) (quoting *Chapman v. Vendresca*, 426 A.2d 262, 264 (R.I.1981)). Here, the Buyer Agency Agreement was silent with regard to whether or not a commission was due to plaintiffs if the property was purchased at a foreclosure sale. We conclude, based upon the clear language of the agreement and upon the evidence presented, that the trial justice properly found that a foreclosure action was not intended or contemplated by the parties.

This court's review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. *DiLuglio v. Providence Auto Body, Inc.*, 755 A.2d 757, 765 (R.I.2000). We will not disturb the findings of a trial justice unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.* After a careful review of the record in this case, we find the trial justice's findings were correct and supported by the evidence. For the foregoing reasons the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed. The papers may be remanded to the Superior Court.