DOVENMUEHLE MORTGAGE, INC.

v.

Daniel J. ANTONELLI.

No. 00–332–APPEAL.

Supreme Court of Rhode Island.

Feb. 15, 2002.

James W. Ryan, Providence, for Plaintiff.

John T. Longo, Stephen C. Mackie, Providence, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Court for oral argument on February 4, 2002, pursuant to an order that directed both parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

In 1992, defendant Daniel J. Antonelli (defendant), purchased a mortgage from Citizens Savings Bank (Citizens) to acquire land in Providence. After defendant failed to pay taxes on the land, the City of Providence sold the property at a tax sale. Both Citizens and defendant received notice of the sale and failed to discharge the debt. In September 1998, the defendant's right of redemption was foreclosed. In 1999, Citizens assigned the promissory note and mortgage to plaintiff, Dovenmuehle Mortgage, Inc. (plaintiff).

 The plaintiff filed the instant action against defendant in Superior Court to recover the balance due on the promissory note. The plaintiff filed a motion for summary judgment, which was granted on June 23, 2000. The defendant appealed.[1]

---

1. Apparently, no final judgment was entered after the trial justice signed the summary judgment order. Nonetheless, defendant filed a notice of appeal on July 7, 2000. To correct this error, the prebriefing conference justice remanded the case for entry of final judgment. When a notice of appeal is filed before entry of judgment, this Court treats the appeal as if it had been filed after the entry of judgment. *See Pridemore v. Napolitano,* 689 A.2d 1053, 1055 (R.I.1997) (citing *Russell v. Kalian,* 414 A.2d 462, 464 (R.I.1980)).

## II

### Summary Judgment

It is well settled that in reviewing the Superior Court's judgment on a motion for summary judgment, we examine the matter *de novo* and apply the same standards as those used by the trial court. *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1126 (R.I.2001). Moreover, "summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.*

The defendant argues that summary judgment should not be granted because the jury should have been able to consider whether Citizens had a duty to pay the outstanding taxes and whether Citizens acted in good faith. We disagree.

### Mortgagee's Duty to Pay Outstanding Taxes

 "Under Rhode Island law a party claiming injury that is due to breach of contract * * * has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." *Tomaino v. Concord Oil of Newport, Inc.*, 709 A.2d 1016, 1026 (R.I.1998) (citing *Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury*, 603 A.2d 726, 729 (R.I.1992)). "This Court has held that 'the burden of proof rests on the party claiming that another litigant has failed to mitigate damages.'" *Saunders Real Estate Corp. v. Landry*, 769 A.2d 1277, 1281 (R.I.2001) (quoting *Riley v. St. Germain*, 723 A.2d 1120, 1123 (R.I.1999)).

██ In addition, "clear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions." *Burke v. Potter*, 771 A.2d 895, 895 (R.I.2001) (mem.) (quoting *Elias v. Youngken*, 493 A.2d 158, 163 (R.I.1985)). By defendant's own admission, no contractual duty existed to require Citizens to clear up the tax lien. In fact, the agreement specifically provides that although Citizens may protect its rights in the property by clearing up any lien, it has no obligation to do so. An implied duty presupposes that an obligation exists, and in this case no such duty is present. *See Ostroff v. Federal Deposit Insurance Corp.*, 847 F.Supp. 270, 277 (D.R.I.1994) (citing *Laz–Karp Realty, Inc. v. Gilbert*, 777 F.Supp. 1085 (D.R.I.1990)). Thus, Citizens, and consequently the plaintiff-assignee, had no duty to mitigate damages in this case.

### Mortgagee's Duty of Good Faith

 "[V]irtually every contract contains an implied covenant of good faith and fair dealing between the parties." *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1342 (R.I.1996) (quoting *Crellin Technologies, Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir.1994)). In this case Citizens breached no such duty. Pursuant to the contract, Citizens could choose whether to pay the taxes. Thus, the defendant's argument that its failure to do so is a breach of its duty of good faith did not preclude summary judgment.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case are returned to the Superior Court.