### Kenneth PATTERSON

### v.

### Jacqueline PATTERSON.

### No. 99–362–Appeal.

Supreme Court of Rhode Island.

Feb. 26, 2002.

Arthur M. Read, II, Scituate.

Arthur E. Chatfield, III, Providence.

Valentino D. Lombardi, Cranston.

### O R D E R

This case came before the Supreme Court on January 28, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. We conclude that cause has not been shown and we shall decide the appeal at this time. Pursuant to a final judgment of divorce issued by the Family Court on March 24, 1994, Kenneth Patterson (plaintiff) and Jacqueline Patterson (defendant) were awarded joint custody of their three children. Following this judgment, both parties challenged the order pertaining to child custody and visitation. In December 1996, plaintiff filed a motion to modify custody and in February 1997, defendant responded by filing her own motion to modify custody. Both matters were heard by a justice of the Family Court who, after extensive hearings, awarded sole custody of the children to their father, the plaintiff.[1]

1. The hearing dates in this case span over one and a half years. Hearings were held on October 7, 9, 10, 15, 22, 1997; November 21, 1997; April 7, 1998; May 22, 1998; July 24,

On appeal, defendant challenges the Family Court's award of custody to plaintiff, citing a number of errors, including the use of a "trial book" by the hearing justice that was prepared by plaintiff. This so called "trial book" consisted of motions that were pending in the case, including the supporting memoranda of the parties. The defendant chiefly argues that a copy of the "trial book" was not made available to her. The defendant also maintains that in awarding custody to plaintiff, the hearing justice erroneously relied upon a report of Doctor Douglas B. Bernon (Dr. Bernon), a licensed and independent court-appointed psychologist, citing both the age of the report and the validity of its findings. Similarly, defendant argues that the hearing justice erred in not according greater weight to the desires of the children respecting the issue of custody. The defendant also complains that the hearing justice erred in limiting his cross-examination of Dr. Bernon that was designed to demonstrate plaintiff's propensity for violence. Lastly, defendant argues that plaintiff should have been sanctioned for contacting Dr. Bernon in contravention of the court's oral orders. We conclude that defendant's arguments are without merit.

As a preliminary matter, it should be noted that defendant has failed to provide this Court with a copy of the hearing transcripts for proceedings held prior to January 15, 1999. Article I, Rule 10(b)(1) of the Rules of Appellate Procedure provides that, "the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." The failure to provide the

Supreme Court with a sufficient transcript precludes a meaningful review and leaves us no alternative but to deny the appeal and uphold the trial justice's findings. *State v. Pineda,* 712 A.2d 858, 860, 861 (1998). Without the relevant transcripts, it is impossible for this Court to properly evaluate defendant's claim that she was denied access to the "trial book." Although opposing counsel has an absolute right to be provided with an identical copy of any exhibit or aid used by the trial justice, without the relevant transcripts we cannot ascertain what actually occurred in this case. What is clear from the record is that the "trial book" was provided to successor counsel and admitted into evidence without objection.

The defendant next claims that the trial justice erroneously relied upon Dr. Bernon's report, arguing that the report was prepared almost two years before the custody decision and was, therefore, of little evidentiary value due to its age. In reviewing the modification of a decree awarding custody, this Court's function is to determine whether the hearing justice has abused his or her discretion. "If the Family Court has properly considered what custody arrangements are in the best interests of the children, [this Court] will not disturb such a discretionary decision." *Suddes v. Spinelli,* 703 A.2d 605, 607 (1997). We are satisfied that the custody determination made in this case was the result of a careful balancing of all the evidence available to the hearing justice. Doctor Bernon's report described defendant as suffering from paranoid, psychotic episodes, depression and feelings of despair. Further, he described the chil-

---

1998; January 15, 1999; April 7, 8, 27, 30, 1999 and May 13, 18, 1999, a total of 16 hearing dates. The number of court dates shown here is to be discouraged. Custody and visitation determinations such as those

presented in this case should be decided as expeditiously and efficiently as possible. We have not been appraised of an adequate explanation for the unreasonable delay in this case.

dren's father to be "essentially stable." While the expert admitted that his recommendation on custody was a "close call" and that plaintiff was a "sometimes angry man," we are not persuaded that these countervailing factors undercut the expert's opinion to a degree that rendered it unreliable.

The defendant next asserts that, in determining custody, the hearing justice should have afforded greater weight to the desires of the children. The weight given to the preferences of children in a child custody case is within the sound discretion of the hearing justice. *See Sleboda v. Sleboda*, 445 A.2d 276, 278 (R.I.1982). In his bench decision, the hearing justice specifically found that the children "would not strongly object" to being placed with either parent. Thus, the finding that it was in the children's best interest to reside with their father was not error nor did the hearing justice abuse his discretion.

The defendant also complains that the hearing justice improperly limited his cross-examination of Dr. Bernon relative to plaintiff's propensity for violence. Although we are presented with a limited portion of the transcript relative to this issue, it would appear that the testimony was limited on the ground that the evidence was otherwise available or the questions were improper. The record discloses that the issue of plaintiff's "propensity for violence" was clearly placed before the finder of fact. Thus, any limitation of cross-examination was well within the discretion of the hearing justice.

Finally, defendant asserts that plaintiff contacted Dr. Bernon in contravention of the hearing justice's order and that no sanctions were imposed for this alleged misconduct. Faced with a complete absence of transcripts on this issue, it is impossible for this Court to determine the merits of defendant's claim. Again, without a sufficient transcript, this Court cannot perform a meaningful review and has no choice but to uphold the trial justice's findings. *Pineda*, 712 A.2d at 860. Further, we are not persuaded that defendant was prejudiced in any meaningful way by this purported violation of an order of the hearing justice.

Accordingly, the defendant's appeal is denied and dismissed. The judgment is affirmed and the papers in this case are remanded to the Family Court.