ESTATE OF Augustine
DELLEFRATTE

v.

Elizabeth DELLEFRATTE.

No. 2006–38–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 2007.

Dean G. Robinson, for Petitioner.

Elizabeth Dellefratte, Pro se, Respondent.

## ORDER

The defendant, Elizabeth Dellefratte, appearing *pro se*, has appealed from a judgment of the Superior Court denying her appeal from a District Court judgment of eviction. This case came before this Court for oral argument on January 24, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the legal memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument.[1] For the reasons set

---

1. This Court did not hear oral arguments in this case because defendant, who has been representing herself before this Court, failed to appear at the call of the calendar on January 24, 2007. On that morning, at the direction of the Court, counsel for plaintiff telephoned defendant, but was not successful in reaching her. Because the record in this case reveals that notice of said proceedings was sent by regular mail to defendant at 85 Upland Way, Barrington, Rhode Island on December 14, 2006, we shall decide this case on the basis of the memoranda submitted by the parties.

forth herein, we deny the appeal and affirm the judgment of the Superior Court.

The defendant has resided for many years at 85 Upland Way, Barrington, Rhode Island (the premises). The premises were owned by defendant's father, Augustine Dellefratte, until November 27, 2000, at which time Mr. Dellefratte executed a quitclaim deed transferring his interest in the property to a revocable trust in his name.[2] Mr. Dellefratte named himself as trustee, and he named defendant as successor trustee should he become unable to serve as trustee. Mr. Dellefratte structured the trust so as to allow the successor trustee to expend the income and principal of the trust to pay for his care and maintenance in the event that he became incapacitated.

On February 15, 2005, Attorney Dean Robinson was appointed guardian of the estate of Augustine Dellefratte (plaintiff). The plaintiff filed a petition to terminate the trust agreement, alleging that, although Mr. Dellefratte had become incapacitated, defendant had failed to spend money from the trust to pay for her father's care at the Rhode Island Veterans Home, where he had become a resident. The plaintiff alleged that this failure constituted a breach of defendant's duty to administer the trust according to its terms. In further support of the petition, plaintiff asserted that defendant had failed to preserve the trust property at 85 Upland Way by failing to pay property taxes since 2002.

On May 4, 2005, the trust was terminated by order of the Superior Court, and the trust property was thereafter conveyed by quitclaim deed from the trust to plaintiff. On May 26, 2005, pursuant to G.L. 1956 § 34–18–37, plaintiff sent a Notice of Termination of Tenancy (the Notice) to defendant, informing her that her tenancy would terminate effective July 1, 2005. When defendant did not vacate the premises by that date, plaintiff filed a complaint for eviction in the District Court for the Sixth Division pursuant to § 34–18–38. Following a hearing on September 27, 2005, the District Court entered a judgment in favor of plaintiff, and defendant filed a timely notice of appeal in the Superior Court.

A hearing concerning defendant's appeal was conducted in the Superior Court on October 25, 2005, after which an order was entered denying defendant's appeal and directing that judgment be entered in favor of plaintiff for possession of the premises. The defendant then filed a notice of appeal to this Court.[3]

On appeal, defendant's primary contention is that plaintiff's Notice of Termination of Tenancy was defective because it "[did] not substantially [f]ollow the language set forth in § 34–18–56[(c)]," which contains a sample notice of termination of tenancy. Specifically, defendant argues that plaintiff omitted the following language: "You must continue to pay rent as it becomes due until the date indicated above. If you fail to pay that rent, a

---

2. In May of 2002, Mr. Dellefratte wrote a letter in which he indicated that defendant could live rent-free on the premises for the duration of her life. However, since Mr. Dellefratte wrote that letter after having transferred his interest in the property to a trust, defendant may not now rely on said letter in support of her contention that she should not have been evicted.

3. A judgment in favor of plaintiff was subsequently entered in the Superior Court on October 26, 2006. Although defendant filed her appeal before final judgment was entered in this case, this Court will nonetheless treat the appeal as proper. *See, e.g., McAdam v. Grzelczyk*, 911 A.2d 255, 258 n. 4 (R.I.2006); *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1114 n. 1 (R.I.2002).

nonpayment eviction action may be instituted against you." Section 34–18–56(c).

■ As we have often stated, this Court will not disturb the factual findings of a trial justice sitting without a jury in a civil case "unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Bogosian v. Bederman,* 823 A.2d 1117, 1120 (R.I.2003) (internal quotation marks omitted); *see also Opella v. Opella,* 896 A.2d 714, 718 (R.I.2006); *Kooloian v. Suburban Land Co.,* 873 A.2d 95, 98 (R.I.2005).

■ In the instant case, we perceive no error in the hearing justice's findings with respect to the sufficiency of the Notice to defendant that her tenancy was being terminated. We would first note that the language which defendant asserts was erroneously omitted specifically pertains to the payment of rent, and it is undisputed that defendant was never required to pay rent while she lived on the premises. Therefore, the omitted language has no relevance to the case at bar.

■ It is our opinion that the trial justice was correct in his conclusion that the language in the Notice sent to defendant in the instant case was substantially similar to the rest of the language that is contained in § 34–18–56(c). Significantly, § 34–18–37 only requires substantial similarity and not a complete mirroring of the suggested language. The Notice identified the property at issue, specified a date for the termination of defendant's tenancy, and indicated that failure to vacate the property could result in an eviction action. The omitted language concerning the payment of rent was neither necessary nor appropriate in light of the fact that defendant was living on the premises rent-free.

The defendant has raised other factual issues on appeal. However, the defendant's failure to have provided this Court with a transcript of the Superior Court proceedings makes it impossible for us to conduct a meaningful review of those issues. *See, e.g., Calise v. Curtin,* 900 A.2d 1164, 1169 (R.I.2006); *Patterson v. Patterson,* 792 A.2d 746, 747 (R.I.2002) (mem.).

For the foregoing reasons, the defendant's appeal is denied and dismissed. The papers in this case may be returned to the Superior Court.