**Supreme Court**

No. 2015-155-C.A.
(P2/13-446ADV)
No. 2015-156-C.A.
(P3/12-2066A)

|  |  |
|---|---|
| State | : |
| v. | : |
| Karen A. Connery. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

v.                                 :

Karen A. Connery.                  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The defendant, Karen A. Connery, appeals from two judgments of conviction rendered after a jury-waived trial held in Providence County Superior Court.[1]  As to the first case, Ms. Connery was found guilty of one count of simple assault.  As to the second case, although Ms. Connery had initially been charged with breaking and entering a dwelling, the trial justice (after a colloquy with counsel) found her guilty of willful trespass as being a lesser-included offense.  On appeal to this Court, with respect to the conviction of simple assault, the defendant contends that her constitutional right to a speedy trial was violated.  With respect to the willful trespass conviction, the defendant contends that willful trespass is not a lesser-included offense of breaking and entering and that the trial justice erred in denying her motion to dismiss the original charge of breaking and entering a dwelling.  These cases came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the

---

[1]     For the purposes of this Opinion, we shall treat these cases as if they had been consolidated, although we recognize that there are two separate appeals before this Court.

- 1 -

record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgments of the Superior Court.

# I

## Facts and Travel

On July 11, 2012, a criminal complaint charging defendant with one count of simple assault in violation of G.L. 1956 § 11-5-3 was filed in the Sixth Division District Court. Ms. Connery was accused of assaulting another woman on June 24, 2012 in Pawtucket. Subsequently, having waived her right to a jury trial in the first instance, that case was transferred to the Superior Court. On February 15, 2013, a separate criminal information was filed charging defendant with "break[ing] and enter[ing] the dwelling of [defendant's sister] without the consent of the owner," in violation of G.L. 1956 § 11-8-2 and G.L. 1956 § 12-29-5.

On June 16 and 17, 2014, both charges were tried on a jury-waived basis, at the conclusion of which, defendant moved to dismiss the breaking and entering charge[2] "based on the fact that [the state had] not presented evidence to establish the crime of breaking and entering * * *." After a brief recess, both parties were provided with an additional opportunity to address the court before a decision was rendered. In addressing the court, counsel for defendant stated: "[W]hat I'm suggesting is that you apply the statutory language for * * * willful trespass. That is what my client is most likely guilty of * * *."

Subsequently, the trial justice rendered a bench decision. With respect to the simple assault charge, he found defendant guilty thereof. And with respect to the breaking and entering charge, he concluded that it had been established beyond a reasonable doubt that defendant was

---

[2] No motion to dismiss was made with respect to the simple assault charge.

guilty of the misdemeanor offense of willful trespass.  As to each charge of which defendant had been found guilty, the trial justice sentenced her to a one-year suspended sentence with one year of probation on each count; the sentences were to run consecutively.  He also issued a no-contact order running in favor of the victim of the simple assault and a no-contact order running in favor of the victim of the willful trespass (viz., defendant's sister).  Thereafter, defendant filed a timely notice of appeal.[3]

## II

### Analysis

### A

### The Simple Assault

On appeal, defendant contends that her constitutional right to a speedy trial was violated.  It is entirely clear, however, that that contention was never raised at trial—indeed defendant expressly concedes the point.[4]  As such, the "raise or waive" rule, to which "[t]his Court staunchly adheres," State v. Figuereo, 31 A.3d 1283, 1289 (R.I. 2011), fully applies, and the speedy trial contention is not properly before us.[5]  We would add that the criteria for invoking

---

[3]     We note that defendant filed a notice of appeal for both cases at issue and that notice was filed prematurely.  However, this Court has repeatedly stated that a notice of appeal filed prior to the entry of judgment is considered to be timely.  See, e.g., State v. Vargas, 21 A.3d 347, 352 n.9 (R.I. 2011); Dovenmuehle Mortgage, Inc. v. Antonelli, 790 A.2d 1113, 1114 n.1 (R.I. 2002).

[4]     The record indicates that defendant, acting in a pro se manner, filed several speedy-trial-related motions.  However, she was represented by counsel when each of those motions was filed.  It is well settled that a "criminal defendant has no right to hybrid representation, whereby some tasks are performed by counsel and others by the defendant on a pro se basis." State v. Oliveira, 127 A.3d 65, 80 (R.I. 2015) (internal quotation marks omitted).  Accordingly, those various pro se motions are not properly before us and, in any event, were not entertained by the trial justice.  See id.

[5]     We deem it worth repeating that the "raise or waive rule is not some sort of artificial or arbitrary Kafkaesque hurdle.  It is instead an important guarantor of fairness and efficiency in the

the narrow exception to that rule are entirely absent from this case. See State v. Hunt, No. 2014-195-C.A., 2016 WL 1425863 at *4 n.6 (R.I. April 12, 2016); Figuereo, 31 A.3d at 1289 n.7; State v. Bouffard, 945 A.2d 305, 311-12 (R.I. 2008).

**B**

**The Willful Trespass**

On appeal, defendant contends that willful trespass is not a lesser-included offense of breaking and entering. She also contends that the trial justice erred in denying her motion to dismiss the original charge of breaking and entering.

This time, however, defendant's contention is checkmated by a particularly strong waiver principle: in this case, defense counsel explicitly suggested that the trial justice look at the facts before him through the lens of the willful trespass statute rather than the breaking and entering statute, which the state had initially invoked. In a colloquy with the trial justice, counsel made the following suggestion: "[W]hat I'm suggesting is that you apply the statutory language for [§] 11-44-26 willful trespass. That is what my client is most likely guilty of * * *." The trial justice proceeded to ask counsel whether willful trespass is a misdemeanor, and counsel replied, "Yes, it is." Thereafter, the following exchange occurred between the trial justice and defense counsel:

> "[The Court]: So are you arguing that should be considered a lesser included offense from breaking and entering[?]
>
> "[Defense Counsel]: Yes, I believe if the Court is so inclined the most my client could be charged with then is up to one year at the ACI and no more than $1,000 fine."

judicial process." State v. Figuereo, 31 A.3d 1283, 1289 n.6 (R.I. 2011) (internal quotation marks omitted).

On the basis of the clear representations by defense counsel, it is obvious that the lesser-included offense issue is not properly before us.

The defendant additionally contends that the trial justice erred in denying her motion to dismiss the original charge of breaking and entering because "the trial justice found that there was no sign of forced entry" and "[f]orce is a required element of the offense of breaking and entering * * *."  However, the trial justice never ultimately ruled on the defendant's motion to dismiss the breaking and entering charge because, before he was able to do so, counsel for the defendant asked the trial justice to consider whether the defendant was guilty of the lesser-included offense of willful trespass.  Accordingly, it is our view that the defendant's argument that the trial justice erred in denying her motion to dismiss is not properly before us.

### III

### Conclusion

For the reasons set forth in this opinion, we affirm the judgments of the Superior Court. The record may be remanded to that tribunal.


**TITLE OF CASE:**     State v. Karen A. Connery.

**CASE NO:**     No. 2015-155-C.A.
(P2/13-446ADV)
No. 2015-156-C.A.
(P3/12-2066A

**COURT:**     Supreme Court

**DATE OPINION FILED:**     June 8, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For State:   Jane M. McSoley
Department of Attorney General

For Defendant:  Jodi M. Gladstone, Esq.