Chief Justice Suttell, for the Court.
 

 The plaintiff, Dolores Nugent (Nugent), appeals from a Superior Court judgment granting a motion brought by the defendant, the State of Rhode Island Public Defender's Office (Public Defender's Office), for judgment on the pleadings. This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and we proceed to decide the appeal at this time. For the reasons set forth herein, we vacate the Superior Court judgment.
 

 I
 

 Facts and Procedural History
 

 A
 

 Nugent's Termination and Subsequent Arbitration Proceeding
 

 Nugent had been an employee of the Public Defender's Office for nineteen years. In July 2013, Nugent learned that her nephew had been murdered. During his arraignment, the Public Defender's Office represented the individual accused of murdering her nephew. Nugent attended the arraignment and later asked an employee at the Public Defender's Office to see the paperwork for the case. After Nugent was denied access to the paperwork, the same employee observed Nugent speaking on her cell phone and allegedly informing an unknown third party that she should be able to gain access to the case documents the following day. By a letter dated August 29, 2013, the Public Defender's Office terminated Nugent's employment.
 

 In response to Nugent's termination, the Rhode Island Laborers' District Council, on behalf of Local Union 808, LIUNA (union), filed a grievance claiming that Nugent was terminated without just cause. The grievance was not resolved and the matter proceeded to arbitration. After hearing testimony from Nugent and several employees of the Public Defender's Office, the arbitrator determined that "given the egregiousness of [Nugent's] misconduct * * * and considering as well her prior record of discipline," the Public Defender's Office "acted with just cause when it terminated [Nugent's] employment."
 

 B
 

 Nugent I
 

 On June 27, 2014, Nugent filed a complaint in Superior Court to "appeal" the arbitration decision (
 
 Nugent I
 
 ). She alleged that "the [a]rbitrator[ ] was arbitrary and capricious, based on facts, constituting clear error of law, against a greater weight of evidence presented, and the intent of the mandates and guidelines, protecting the confidentiality of Public Defender records, and conflicts of interest." Nugent sought reversal of the arbitration decision and reinstatement to her previous employment at the Public Defender's Office. In its answer, the Public Defender's Office argued, relying on
 
 DiGuilio v. Rhode Island Brotherhood of Correctional Officers
 
 ,
 
 819 A.2d 1271
 
 (R.I. 2003), that Nugent lacked standing to bring the action in her individual capacity without first making a showing that her union violated its duty of fair representation.
 
 See
 

 DiGuilio
 
 ,
 
 819 A.2d at 1273
 
 . The Public Defender's Office also moved for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of
 Civil Procedure and argued, in part, that Nugent lacked standing to seek judicial review of the arbitration award. Specifically, the Public Defender's Office argued that, under the terms of the collective bargaining agreement, only the union or the Public Defender's Office-the parties to that agreement-could bring the grievance to arbitration and subsequently seek judicial review of the arbitration award under G.L. 1956 § 28-9-18. The Public Defender's Office, citing again to
 
 DiGuilio
 
 , argued that Nugent lacked standing because she did not put forth any evidence that the union breached its duty of fair representation and, consequently, she was barred from challenging the arbitration award on her own and without representation by the union.
 
 DiGuilio
 
 ,
 
 819 A.2d at 1273
 
 .
 

 After a December 9, 2014 hearing on defendant's Rule 12(c) motion, the hearing justice issued a bench decision granting the motion. We note that no transcript was ordered for this hearing. On December 18, 2014, judgment entered in favor of the Public Defender's Office.
 

 C
 

 Nugent II
 

 On the same day that she filed her complaint in
 
 Nugent I
 
 seeking judicial review of the arbitration award, June 27, 2014, Nugent also filed a charge with the Rhode Island Commission for Human Rights alleging employment discrimination. On December 2, 2014, the Commission issued her a right-to-sue letter. Thereafter, on March 2, 2015, Nugent filed a second complaint in Superior Court seeking declaratory, injunctive, and equitable relief, in addition to reinstatement to her former position and back pay (
 
 Nugent II
 
 ). She also sought compensatory damages for alleged unlawful employment discrimination based on race and disability, and retaliation based on her prior complaints of race discrimination, disability discrimination, religious discrimination, and sexual harassment.
 

 On March 3, 2016, the Public Defender's Office moved for judgment on the pleadings and argued that
 
 res judicata
 
 and collateral estoppel barred Nugent's discrimination claims. On May 31, 2016, the same hearing justice who decided
 
 Nugent I
 
 issued a bench decision wherein he found that
 
 res judicata
 
 barred Nugent's second action because the parties to both actions were the same; the issues all related to Nugent's employment with, and termination from, the Public Defender's Office; and "there was final judgment" that "resolved all claims between the parties." On June 17, 2016, an order entered granting the Public Defender's Office's motion for judgment on the pleadings; on that same date, final judgment entered in favor of the Public Defender's Office on all claims. On July 7, 2016, Nugent filed a timely notice of appeal to this Court.
 

 II
 

 Standard of Review
 

 A judgment on the pleadings under Rule 12(c) of the Superior Court Rules of Civil Procedure "provides a trial court with the means of disposing of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided."
 
 Chase v. Nationwide Mutual Fire Insurance Company
 
 ,
 
 160 A.3d 970
 
 , 973 (R.I. 2017) (quoting
 
 Chariho Regional School District v. Gist
 
 ,
 
 91 A.3d 783
 
 , 787 (R.I. 2014) ). When reviewing the decision of a hearing justice on a motion for judgment on the pleadings pursuant to rule 12(c), we utilize the Rule 12(b)(6) motion-to-dismiss test.
 

 Id.
 

 Thus, a judgment on the pleadings "may be granted
 only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim."
 

 Id.
 

 (quoting
 
 Tri-Town Construction Co. v. Commerce Park Associates 12, LLC
 
 ,
 
 139 A.3d 467
 
 , 478 (R.I. 2016) ).
 

 III
 

 Discussion
 

 On appeal, Nugent contends that the hearing justice erred in granting judgment on the pleadings in favor of the Public Defender's Office because the doctrine of
 
 res judicata
 
 does not bar her claims in
 
 Nugent II
 
 . Specifically, Nugent avers that although her first Superior Court action was entitled "Complaint," it was not a complaint in its essence because she sought only to vacate the arbitration decision pursuant to § 28-9-18.
 
 [1]
 
 Thus, she contends that under the arbitration statute, she was precluded in
 
 Nugent I
 
 from bringing the discrimination claims she alleged in
 
 Nugent II
 
 . Accordingly, she argues that the hearing justice's decision should be reversed and she should be allowed to litigate
 
 Nugent II
 
 . The Public Defender's Office counters that principles of
 
 res judicata
 
 and collateral estoppel bar Nugent's discrimination claims in
 
 Nugent II
 
 .
 

 The doctrine of
 
 res judicata
 
 operates to "render[ ] a prior judgment by a court of competent jurisdiction in a civil action between the same parties conclusive as to any issues actually litigated in the prior action, or that could have been presented and litigated therein."
 
 DiBattista v. State
 
 ,
 
 808 A.2d 1081
 
 , 1085 (R.I. 2002) (quoting
 
 DiBattista v. State of Rhode Island, Department of Children, Youth and Families
 
 ,
 
 717 A.2d 640
 
 , 642 (R.I. 1998) (mem.) ). "The doctrine applies when 'there exists identity of parties, identity of issues, and finality of judgment in an earlier action.' "
 
 Plunkett v. State
 
 ,
 
 869 A.2d 1185
 
 , 1188 (R.I. 2005) (quoting
 
 Beirne v. Barone
 
 ,
 
 529 A.2d 154
 
 , 157 (R.I. 1987) ). For purposes of
 
 res judicata
 
 , we must examine both
 
 Nugent I
 
 and
 
 Nugent II
 
 to determine whether the parties and the issues are the same in both actions and whether finality of judgment exists in the earlier action.
 
 See
 
 id.
 

 We will focus our analysis on the dispositive issue-whether the hearing justice's grant of judgment on the pleadings in
 
 Nugent I
 
 operates as a final judgment on the merits.
 

 It is clear that the hearing justice granted judgment on the pleadings in
 
 Nugent I
 
 in favor of the Public Defender's Office on the basis of standing. We determined in
 
 DiGuilio
 
 that, when an employee unsuccessfully petitioned her union to bring her grievance to arbitration, "without a showing that the union breached its duty of fair representation, the employee [does] not have any standing to contest the merits of his [or her] contract claim against the employer in court" under the collective bargaining agreement.
 
 DiGuilio
 
 ,
 
 819 A.2d at
 
 1273 (citing
 
 Early v. Eastern Transfer
 
 ,
 
 699 F.2d 552
 
 , 555 (1st Cir. 1983) ). A plaintiff's showing that his or her union violated its duty of fair representation acts as a narrow exception to the
 finality of a grievance decision, as governed by the collective bargaining agreement, and gives the plaintiff the right to contest his or her termination in court.
 
 Early
 
 ,
 
 699 F.2d at 555
 
 . When determining whether or not an adjudication was on the merits for purposes of
 
 res judicata
 
 , we look to whether the party has "had an opportunity to be heard."
 
 Huntley v. State
 
 ,
 
 63 A.3d 526
 
 , 532 (R.I. 2013) (concluding that the Superior Court's dismissal for failure to state a claim was deemed a judgment on the merits because the plaintiff had an opportunity to be heard that was sufficient to satisfy due-process concerns when she received notice of the defendants' motion to dismiss and failed to oppose it).
 

 In
 
 Nugent I
 
 , Nugent's standing to challenge her termination in Superior Court was a threshold issue that was properly addressed prior to consideration of the merits of her case.
 
 See
 

 Mruk v. Mortgage Electronic Registration Systems, Inc.
 
 ,
 
 82 A.3d 527
 
 , 534-35 (R.I. 2013) (noting that standing is a threshold issue and that third parties to a contract generally lack standing to challenge its validity). Nugent failed to show that the union had "breached its duty of fair representation[,]" and the hearing justice correctly determined that Nugent lacked standing to challenge the arbitration decision in court.
 
 DiGuilio
 
 ,
 
 819 A.2d at 1273
 
 . We conclude that the hearing justice's consideration of Nugent's standing did not reach the merits of
 
 Nugent I
 
 , and that she has yet to have an opportunity to be heard. Accordingly, we conclude that
 
 Nugent I
 
 was not a final judgment for purposes of
 
 res judicata
 
 and thus, Nugent is not barred from seeking redress for her discrimination claims raised in
 
 Nugent II
 
 .
 

 IV
 

 Conclusion
 

 For the reasons stated herein, we vacate the judgment of the Superior Court in
 
 Nugent II
 
 granting judgment on the pleadings in favor of the Public Defender's Office. The case shall be remanded to the Superior Court.
 

 General Laws 1956 § 28-9-18(a) provides:
 

 "In any of the following cases the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated:
 

 "(1) When the award was procured by fraud.
 

 "(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 "(3) If there was no valid submission or contract * * *."