February 25, 2021

**Supreme Court**

No. 2019-24-Appeal.
(PC 17-5614)

Premier Home Restoration, LLC    :

v.    :

Federal National Mortgage Association  :
        et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Premier Home Restoration, LLC    :

v.             :

Federal National Mortgage Association  :
et al.

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Premier Home Restoration, LLC, appeals from a Superior Court judgment following the grant of a motion brought by the defendants, Federal National Mortgage Association (FNMA) and U.S. Bank National Association (collectively defendants or the mortgagees),[1] for judgment on the pleadings. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For

---

[1] In their filings with this Court, defendants refer to themselves collectively and do not differentiate between their arguments or potential liability; for this reason, we do the same here.

the reasons set forth in this opinion, we affirm in part and vacate in part the judgment of the Superior Court.

## I

### Facts and Travel

On December 22, 2015, defendants, as mortgagees, caused a foreclosure sale to be conducted for property located at 36 Stevens Road in Cranston (the property). At the foreclosure sale, plaintiff was the successful bidder and agreed to pay $115,000 for the property. On that date, plaintiff executed an agreement with the auctioneer entitled "Memorandum of Terms and Conditions of Sale" (the agreement) and paid a deposit of $5,000 (the deposit) to defendants for the property.

Under the agreement, the mortgagees were to convey title, and plaintiff was to pay the remaining balance, on the thirtieth day following the foreclosure sale. The property was to be conveyed "subject to any and all unpaid taxes, tax titles, tax liens, water and sewer assessments or liens, and any other municipal assessments or liens." If plaintiff did not fulfill its obligations under the agreement, the deposit was to be retained by the mortgagees. The agreement also provided that "the mortgagee reserves the right to void this transaction for any reason[,]" in which case plaintiff's only recourse was to have the deposit returned. Additionally, if the mortgagees were unable to convey title within thirty days, they were entitled under the agreement to give notice to plaintiff and extend the time for conveyance up to thirty additional

days. However, the agreement also stated that "[t]ime is of the essence[.]" FNMA did in fact extend the initial time for conveyance until February 22, 2016. Thereafter, the parties agreed to a number of further extensions, ultimately extending the time of performance for an additional twenty months, until October 13, 2017. Throughout the time of the extensions, costs, taxes, and fees continued to accrue on the property (the accruing costs).

In May 2017, defendants were prepared to close on the property and convey title to plaintiff. The defendants asserted that plaintiff was liable for all costs that had accrued with respect to the property, but plaintiff disputed this liability. On October 16, 2017, defendants caused a forfeiture-of-bid letter to be sent to plaintiff, dissolving plaintiff's rights in the property and notifying plaintiff that defendants would keep the deposit.

On November 14, 2017, plaintiff filed a notice of *lis pendens* in the City of Cranston Land Evidence Records, claiming an interest in the property and asserting that it would be filing a claim in the Superior Court. On November 22, 2017, plaintiff filed a complaint claiming breach of contract for failure to return the deposit (count one); failure to timely perform (count two); and violation of the implied covenant of good faith and fair dealing (count three). The plaintiff also asserted a claim for a violation of the Rhode Island Unfair Trade Practice and Consumer Protection Act, G.L. 1956 chapter 13.1 of title 6 (the Act) (count four).

On May 1, 2018, defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure. The defendants asserted that plaintiff could not prove any set of facts that would support its claims against defendants and argued that the complaint established that plaintiff breached the agreement and that defendants' acts were not deceptive but rather consistent with the agreement's terms. The plaintiff objected to this motion. At a hearing on August 22, 2018, a Superior Court justice granted defendants' motion in a brief oral decision, finding that he would have to "rewrite the agreement" for plaintiff's claims to succeed.

On September 10, 2018, plaintiff filed a premature notice of appeal. However, judgment entered on September 14, 2018; and, therefore, we accept plaintiff's appeal as timely. *See, e.g.*, *Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016) (treating a premature notice of appeal as timely filed).

**II**

**Standard of Review**

"A judgment on the pleadings under Rule 12(c) * * * 'provides a trial court with the means of disposing of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided.'" *Nugent v. State Public Defender's Office*, 184 A.3d 703, 706 (R.I. 2018) (quoting *Chase v. Nationwide Mutual Fire Insurance Company*, 160

A.3d 970, 973 (R.I. 2017)). We review the granting of a Rule 12(c) motion for judgment on the pleadings under the same test we utilize to review a Rule 12(b)(6) motion to dismiss. *Id.* Therefore, a judgment on the pleadings "may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim." *Id.* at 706-07 (quoting *Chase*, 160 A.3d at 973).

### III

### Discussion

Before this Court, plaintiff advances several arguments in support of its appeal. Essentially, plaintiff contends that the hearing justice failed to assume that all the allegations in the complaint were true and that questions of disputed material facts exist that cannot be resolved on a motion for judgment on the pleadings.

### A

### Breach of Contract

The plaintiff's claim of breach of contract, as set forth in its complaint, is twofold. It first contends that defendants' retention of the deposit constituted a breach of the agreement. While acknowledging in its complaint that defendants reserved the right to void the agreement for any reason, plaintiff asserted that defendants' sole obligation in that event was to return the deposit, which defendants did not do.

The plaintiff's second argument concerning breach of contract implicates the time of performance. In the complaint, plaintiff alleged that the agreement required plaintiff to pay the balance of the purchase price on the thirtieth day following the foreclosure sale, but that defendants were not prepared to close until approximately seventeen months later. The plaintiff alleges that at least eight extensions were executed, but nevertheless a dispute arose over liability for the payment of "property taxes, sewer fees, municipal fees, violation fines and/or water fees" during that seventeen-month period. The plaintiff attributes the delay in closing solely to defendants.

On the other hand, defendants argued in Superior Court that the issue was controlled by the original agreement and the various extensions, which extended the time for performance but ratified the agreement in all other respects.

However, after our review of the complaint, assuming all allegations therein are true and resolving any doubts in plaintiff's favor, as we must, we cannot say that it is clear beyond a reasonable doubt that plaintiff would not be entitled to relief under any set of conceivable facts that could be proven in support of its claim. *See Siena v. Microsoft Corporation*, 796 A.2d 461, 463 (R.I. 2002).

The plaintiff's claims for breach of contract turn on the determination of which party is responsible for the taxes and assessments that accrued subsequent to the sale of the property at auction. The initial agreement calls for the mortgagee to

- 6 -

give title or to make conveyance "on the 30th day following the [foreclosure] sale[.]" It further provides that the mortgagee may extend the time for performance for a period of up to thirty days. The agreement also expressly states that "[t]ime is of the essence of this agreement." Thus, the agreement clearly contemplates a final closing within a relatively short period of time, certainly not a seventeen-month delay.

This, in our opinion, constitutes an ambiguity in the contract terms. "A term in a contract is ambiguous when it is 'reasonably and clearly susceptible to more than one rational interpretation.'" *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016) (quoting *Miller v. Saunders*, 80 A.3d 44, 49 (R.I. 2013)). The determination of whether a contract's provision is ambiguous is a question of law to be reviewed *de novo*; the interpretation of that provision, however, is a question of fact. *Id.* at 176, 177-78. In the matter before us, there is an ambiguity with respect to the liability for payment of the accruing costs during the seventeen-month period occasioned by defendants' delay in delivering title.

While it is true that the parties executed a series of extensions, purporting to extend the time of performance but ratifying the agreement in all other respects, there appear to be significant gaps during that seventeen-month period when no extension was in effect. For instance, based upon the extensions that were appended to plaintiff's complaint, the most recent extension was dated October 3, 2017, and extended the time of performance from September 8, 2017, to October 13, 2017.

The immediately preceding extension, however, was dated October 12, 2016, and purported to continue the closing from September 29, 2016, to November 18, 2016. Thus, in accordance with the allegations set forth in plaintiff's complaint, there was a period of nearly ten months in which no extension agreement was in effect and during which, for purposes of a motion for judgment on the pleadings, it cannot be inferred that plaintiff agreed to cover the taxes and municipal assessments that continued to accrue on the property.

In reviewing the grant of a judgment on the pleadings, this Court "confine[s itself] to the four corners of the complaint, assume[s] that the allegations set forth are true, and resolve[s] any doubts in favor of the complaining party." *Chase*, 160 A.3d at 973 (quoting *Tri-Town Construction Co. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016)). Applying this standard to the case before us, we are of the opinion that plaintiff's breach-of-contract claims cannot be resolved by a judgment on the pleadings.

**B**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

In its complaint, plaintiff also alleged a breach of an implied covenant of good faith and fair dealing. The essence of its claim is that, at the time of the foreclosure sale, defendants represented that they "could perform, and close, within thirty (30) days or at the very least within a reasonable time thereafter[,]" but that defendants

repeatedly requested extensions due to their own delays, errors, and/or mistakes. The plaintiff contends that defendants breached their duty to act in good faith by making the false representation that they could close within thirty days, thus requiring plaintiff to pay the costs that accrued on the property due to defendants' own delays and errors.

"It is well settled that 'virtually every contract contains an implied covenant of good faith and fair dealing between the parties.'" *Ferreira v. Child and Family Services*, 222 A.3d 69, 76 (R.I. 2019) (brackets omitted) (quoting *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002)). This implied covenant provides a safeguard so that contractual aims are satisfied and parties do not act to "destroy[] or injure[] the right of the other party to receive the fruits of the contract." *McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015) (quoting 17A Am. Jur. 2d *Contracts* § 370 at 365 (2004)). However, "the implied covenant of good faith and fair dealing does not create an independent cause of action[,]" but must be connected to a breach-of-contract claim. *Ferreira*, 222 A.3d at 76.

In light of our holding, *supra*, reviving plaintiff's breach-of-contract claims, we are satisfied that its count alleging breach of an implied covenant of good faith and fair dealing must be resuscitated as well. Assuming all allegations in plaintiff's complaint are true and drawing all inferences in its favor, it may well be a question of fact whether defendants' delay in scheduling a closing while the taxes and

municipal assessments continued to accumulate constituted bad faith and unfair dealing.

## C

### Claim under the Unfair Trade Practice and Consumer Protection Act

Pursuant to § 6-13.1-5.2(a), private actions under the Act can be brought by "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes[.]" However, we have said "a Rhode Island corporation * * * plainly does not have standing to bring a private action under this statute." *ERI Max Entertainment, Inc. v. Streisand*, 690 A.2d 1351, 1354 (R.I. 1997). The plaintiff is a Rhode Island limited liability company. Therefore, the plaintiff did not have standing to bring this claim under the Act against the defendants, and we affirm the granting of the motion for judgment on the pleadings on this count alone.

## IV

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court with respect to the plaintiff's claim in count four of its complaint, under the Unfair Trade Practice and Consumer Protection Act. The judgment of the Superior Court is vacated in all other respects. We remand the record to the Superior Court for further proceedings consistent with this opinion.

Justice Flaherty participated in the decision but retired prior to its publication.

Justice Lynch Prata and Justice Long did not participate.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Premier Home Restoration, LLC v. Federal National Mortgage Association et al. |
| **Case Number** | No. 2019-24-Appeal.<br>(PC 17-5614) |
| **Date Opinion Filed** | February 25, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Richard A. Pacia, Esq. |
| | For Defendants:<br><br>Thomas J. Walsh, Esq.<br>Justin Pierce, Esq.<br>Brian M. Kiser, Esq. |