March 30, 2022

**Supreme Court**

No. 2021-30-Appeal.
(PC 16-4707)

Daniel Houle et al.                     :

v.                                      :

Liberty Insurance Corporation,          :
Alias, A/K/A Liberty Mutual Group,
A/K/A Liberty Mutual, A/K/A
Liberty Mutual Insurance.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Daniel Houle et al.        :

v.            :

Liberty Insurance Corporation,    :
Alias, A/K/A Liberty Mutual Group,
A/K/A Liberty Mutual, A/K/A
Liberty Mutual Insurance.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court on March 1, 2022, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs, Daniel Houle and Karen Houle (plaintiffs or the Houles), appeal from a decision and order of the Superior Court granting the motion for judgment on the pleadings by the defendant, Liberty Mutual Insurance Corporation, alias, a/k/a Liberty Mutual Group, a/k/a Liberty Mutual, a/k/a Liberty Mutual Insurance (defendant or Liberty Mutual).[1]  After considering the parties' written and oral

---

[1] It appears from the record of the case that the name of the defendant entity is "Liberty Mutual Insurance Company."

- 1 -

submissions and reviewing the record, we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth herein, we vacate the order of the Superior Court.

## Facts and Travel

On February 21, 2015, the roof at plaintiffs' home located at 520 Snake Hill Road in North Scituate, Rhode Island (the property), collapsed due to accumulating ice and snow. The property was insured through a "Libertyguard Deluxe Homeowners Policy" issued by Liberty Mutual (the policy or the Libertyguard Deluxe policy). The plaintiffs timely notified Liberty Mutual about the loss, and an adjuster from Liberty Mutual was assigned to investigate. The adjuster submitted a repair estimate of $18,349.66. Thereafter, the Houles submitted proof-of-loss documents estimating that the cost of repair would amount to $193,280.40. The defendant then enlisted the services of an engineering firm and a construction company to draw plans and estimate the cost of repairs. The estimate was $53,615.26.

On June 20, 2016, the Houles informed Liberty Mutual that they were electing to invoke the appraisal provision of the Libertyguard Deluxe policy, which provides, in pertinent part, that:

> "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two

appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the 'residence premises' is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss."

Both parties selected their appraiser, but the appraisers could not agree on an umpire.

The Houles filed the instant action in Superior Court on October 7, 2016, seeking "relief in the form of a judgment naming an independent and qualified umpire to set the amount of loss for insurance coverage[.]" Liberty Mutual filed an answer and counterclaim, as well as an objection to plaintiffs' request for declaratory relief and cross-motion for declaratory judgment. On December 6, 2016, the various matters were heard before a Superior Court justice. On December 30, 2016, an order entered by agreement, stating that the parties had agreed upon the selection of an umpire. The appraisal hearing went forward on March 9, 2018, and plaintiffs were awarded $81,641 by the appraisal panel.

On August 7, 2019, plaintiffs filed a second amended complaint, alleging that Liberty Mutual had breached the terms of the Libertyguard Deluxe policy "by not performing a full and complete investigation." The plaintiffs also alleged that defendant "acted in bad faith in the handling of" their claim. On November 25, 2019, defendant filed a motion for judgment on the pleadings, arguing that plaintiffs'

claims failed as a matter of law because plaintiffs had failed to allege facts that could prove that Liberty Mutual breached the policy and/or acted in bad faith. The Houles objected to the motion, maintaining that, as pled in the second amended complaint, defendant's alleged failure to "provide a full and complete investigation of the Houles' loss" constituted a prima facie case for breach of contract and bad faith.

A hearing was held on defendant's motion on February 26, 2020, at the conclusion of which the motion justice issued a decision dismissing plaintiffs' complaint. The motion justice found that plaintiffs failed to "set forth sufficient facts relating to the allegedly deficient investigation and how [it] was a breach of contract and led to damages" and did not identify "any part of the policy that's been breached by * * * Liberty Mutual." She noted that plaintiffs' amount-of-loss "claim went through the full appraisal process[,]" and was "fully and finally adjudicated by" that process. Because the motion justice found that plaintiffs could not maintain an action for breach of contract against defendant, she also dismissed their bad-faith claim because she found "that bad faith claims cannot be sustained without a breach of contract claim[.]"[2]

---

[2] In her bench decision, the motion justice also addressed Liberty Mutual's counterclaim against plaintiffs, which sought a declaratory judgment that "Liberty Mutual has fully complied with all obligations under the [p]olicy and has not committed a breach of the [p]olicy." The motion justice declined to render a declaratory judgment on the counterclaim; on March 13, 2020, the parties stipulated in the Superior Court that all claims against plaintiffs were dismissed, thereby resolving defendant's counterclaim.

An order consistent with the motion justice's bench decision entered, granting defendant's motion for judgment on the pleadings. The Superior Court granted defendant's motion for entry of judgment, and plaintiffs filed a timely notice of appeal.

## Standard of Review

Pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure, a hearing justice may "dispos[e] of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided." *Premier Home Restoration, LLC v. Federal National Mortgage Association*, 245 A.3d 745, 748 (R.I. 2021) (quoting *Nugent v. State Public Defender's Office*, 184 A.3d 703, 706 (R.I. 2018)). "When reviewing the decision of a hearing justice on a motion for judgment on the pleadings pursuant to [R]ule 12(c), we utilize the Rule 12(b)(6) motion-to-dismiss test." *Nugent*, 184 A.3d at 706. As such, "a judgment on the pleadings 'may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim.'" *Premier Home Restoration, LLC*, 245 A.3d at 748 (quoting *Nugent*, 184 A.3d at 706-07).

**Discussion**

On appeal, plaintiffs argue that the motion justice erred in granting judgment on the pleadings in favor of Liberty Mutual because, they contend, the pleadings established the facts necessary to support claims for breach of contract and bad faith. Specifically, plaintiffs maintain that, pursuant to the Libertyguard Deluxe policy, "Liberty Mutual had an inherent contractual obligation to perform a full and complete investigation of the loss[,]" which it failed to do.

It is well established that the terms of an insurance policy are interpreted "in accordance [with] the rules of construction that govern contracts." *Derderian v. Essex Insurance Co.*, 44 A.3d 122, 127 (R.I. 2012). "[W]hether a party has substantially performed or materially breached its contractual obligations is usually a question of fact to be decided by the jury." *Women's Development Corporation v. City of Central Falls*, 764 A.2d 151, 158 (R.I. 2001). Moreover, as this Court has explained many times, "virtually every contract contains an implied covenant of good faith and fair dealing between the parties[,]" *McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015) (brackets omitted) (quoting *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002)), which "ensures that 'contractual objectives may be achieved[.]'" *Id.* (quoting *Ide Farm & Stable, Inc. v. Cardi*, 110 R.I. 735, 739, 297 A.2d 643, 645 (1972)).

In the case at bar, the motion justice granted defendant's motion for judgment on the pleadings because she found that "[p]laintiff[s have] not identified any part of the policy that[ has] been breached by * * * Liberty Mutual." She acknowledged the contention "that there is an implicit requirement [in the contract] that the insurance company * * * do things correctly and * * * not do a shoddy or an insufficient job at the investigation[,]" but still found that plaintiffs' breach-of-contract claim failed because the complaint did not plead that defendant's conduct caused damages to plaintiffs and "plaintiffs' claim * * * was fully and finally adjudicated by the appraisal process."

After reviewing the record before us, we are of the opinion that the motion justice erred in granting judgment on the pleadings in favor of defendant. The factual allegations contained in the pleadings, when viewed in the light most favorable to the nonmoving plaintiffs, do not allow for the Superior Court to conclude beyond a reasonable doubt that plaintiffs would be unable to prove facts at trial that constitute a claim for breach of contract. *Cf. Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 974-75 (R.I. 2017) (holding that a plaintiff's allegation that its insurer "engaged in a pattern of dilatory conduct thereby refusing to fulfill its obligations under the [p]olicy" was too "broad and undetailed" to withstand judgment on the pleadings and allow plaintiff's breach-of-contract and estoppel arguments to proceed). The Houles alleged, in their second amended complaint, that

Liberty Mutual breached the contract by not performing a full and complete investigation of the loss. The allegation was supported by additional averments in the complaint, including that defendant "prepar[ed] an estimate in March of 2015 without performing a full and complete investigation, hir[ed] an unlicensed engineer to prepare a remediation plan and to draw engineering documents, and enlist[ed] the services of an unlicensed contractor to prepare an estimate."

The linchpin of the motion justice's decision was plaintiffs' purported failure to point out specific language in the policy that detailed defendant's contractual duties related to investigating a loss. However, this conclusion plainly overlooks the implied covenant of good faith and fair dealing that is inherent in every insurance contract. *See Skaling v. Aetna Insurance Company*, 799 A.2d 997, 1010, 1011 (R.I. 2002) (recognizing that insurers are obligated to deal with their insureds "consistent with [the] implied in law obligations of good faith and fair dealing" and that "[i]nsurers doing business in Rhode Island have an implied obligation to promptly and fully respond to their insured, to investigate a claim and to subject that claim to appropriate review"). It cannot be said that the allegations as pled, and under any set of facts that may be proven at trial, would not support a claim for breach of contract or breach of the implied covenant of good faith and fair dealing. *See McNulty*, 116 A.3d at 185 (making clear that a claim for breach of the implied

covenant of good faith and fair dealing is not an independent cause of action that must be pled separate and apart from a claim for breach of contract).

## Conclusion

For the foregoing reasons, we conclude that the grant of judgment on the pleadings for the defendant was erroneous. The order of the Superior Court granting defendant's motion is vacated, and the papers in this case may be remanded to the Superior Court for further proceedings.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Daniel Houle et al. v. Liberty Insurance Corporation, Alias, A/K/A Liberty Mutual Group, A/K/A Liberty Mutual, A/K/A Liberty Mutual Insurance. |
| **Case Number** | No. 2021-30-Appeal. (PC 16-4707) |
| **Date Opinion Filed** | March 30, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Tanis G. Caine, Esq.<br>Kevin M. Daley, Esq. |
| | For Defendant:<br><br>Christopher M. Reilly, Esq. |