May 23, 2017

**Supreme Court**

No. 2015-368-Appeal.
(PC 14-5684)

| | |
|---|---|
| Eric Chase | : |
| v. | : |
| Nationwide Mutual Fire Insurance Company. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Eric Chase                              :

v.                              :

Nationwide Mutual Fire Insurance        :
Company.


Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.** The plaintiff, Eric Chase, appeals from a Superior

Court order granting the motion of the defendant, Nationwide Mutual Fire Insurance Company,

for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil

Procedure. This matter came before us for oral argument on April 27, 2017, pursuant to an order

directing the parties to appear and show cause why this appeal should not summarily be decided.

After considering the parties' oral and written arguments and after thoroughly reviewing the

record, it is our opinion that cause has not been shown and that this case should be decided at this

time without further briefing or argument. For the reasons set forth in this opinion, we affirm the

judgment of the Superior Court.

# I

## Facts and Travel

According to plaintiff,[1] a property that he owned on Bosworth Court in Newport suffered a casualty loss on June 25, 2010 that caused extensive interior and exterior damage. The plaintiff timely reported the loss to defendant, which insured the property pursuant to a policy that it had issued to plaintiff. After investigating the loss, defendant accepted the claim as covered under the policy. The defendant then authorized plaintiff to repair the property and further authorized a partial release of funds to enable plaintiff to begin the repairs. However, the funds released were not sufficient to pay for the repairs and to cover plaintiff's alternative living expenses. Accordingly, plaintiff demanded that defendant release additional funds, but defendant refused. The plaintiff alleges that defendant then "engaged in a pattern of dilatory conduct thereby refusing to fulfill its obligations under the [p]olicy."

Based upon plaintiff's complaint, we are left in the dark as to the timing and particulars of the above events. Nevertheless, on March 6, 2014, after nearly four years had elapsed since the casualty loss, plaintiff attempted to invoke the policy's appraisal provision. In a letter dated March 10, 2014, defendant rejected plaintiff's demand for an appraisal, citing the passage of time and that plaintiff had failed to submit certain documentation that the insurer had requested under the terms of the policy.

In November 2014, some four years after the loss, plaintiff brought a two-count suit against defendant, alleging breach of contract and bad faith.[2] The defendant then moved,

---

[1] Because this case comes to us from a judgment on the pleadings, we draw the facts from plaintiff's complaint.

[2] The bad-faith count was severed pending resolution of the count for the breach of contract claim.

pursuant to Rule 12(c), for judgment on the pleadings. In its motion, defendant highlighted two provisions from the policy:

> "3. **Your Duties after Loss.** In case of loss, **you** must:
> "* * *
> "c) as often as **we** reasonably require:
> "(1) show **us** the damaged property; and
> "(2) provide records and documents **we** request and permit **us** to make copies.
> "(3) submit to examinations under oath and sign same.
> "* * *
> "8. **Suit Against Us.** No action can be brought against **us** unless there has been full compliance with the policy provisions. Any action must be started within two years after the date of loss or damage."

Before the Superior Court, defendant argued that, even assuming everything that plaintiff alleged in his complaint were true, the claim must nevertheless fail because plaintiff did not fully comply with the provisions of the policy and because plaintiff brought suit more than two years after the date of loss. The plaintiff, for his part, argued to the hearing justice that defendant should be estopped from enforcing the contractual two-year limitations provision. However, he offered nothing to support that argument.[3]

In a bench decision, the hearing justice noted that defendant "admits the date of loss is June 25, 2010. The complaint was filed on November 11, 2014[,] which is four years and four months later." Accordingly, the hearing justice granted defendant's motion for judgment on the pleadings. Judgment entered shortly thereafter, and plaintiff timely appealed to this Court.

---

[3] Two months after defendant filed its motion, and just days before the hearing, plaintiff filed a memorandum opposing defendant's motion for judgment on the pleadings. The plaintiff's memorandum contained exhibits that sought to advance his estoppel theory. The hearing justice, however, declined to consider the exhibits because not only was the memorandum untimely filed, but also because the exhibits "weren't introduced by affidavit or in any other manner." Thus, the hearing justice chose not to convert defendant's motion to a motion for summary judgment. The plaintiff did not object.

## II

## Standard of Review

"Rule 12(c) 'provides a trial court with the means of disposing of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided.'" Chariho Regional School District v. Gist, 91 A.3d 783, 787 (R.I. 2014) (quoting Haley v. Town of Lincoln, 611 A.2d 845, 847 (R.I. 1992)). "For the purposes of our review '[a] Rule 12(c) motion is tantamount to a Rule 12(b)(6) motion, and the same test is applicable to both * * *.'" Id. (quoting Collins v. Fairways Condominiums Association, 592 A.2d 147, 148 (R.I. 1991)).

"When we review the grant of a motion to dismiss pursuant to Rule 12(b)(6), we apply the same standard as the hearing justice." Tri-Town Construction Co. v. Commerce Park Associates 12, LLC, 139 A.3d 467, 478 (R.I. 2016) (citing Woonsocket School Committee v. Chafee, 89 A.3d 778, 787 (R.I. 2014)). "That is, we confine ourselves to the four corners of the complaint, assume that the allegations set forth are true, and resolve any doubts in favor of the complaining party." Id. (citing Narragansett Electric Co. v. Minardi, 21 A.3d 274, 278 (R.I. 2011)). "A motion to dismiss may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim." Id. (citing Ho–Rath v. Rhode Island Hospital, 115 A.3d 938, 942 (R.I. 2015)).

Ordinarily, when ruling on a motion to dismiss brought under Rule 12(b)(6) or Rule 12(c), "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Co., 267 F.3d 30, 33 (1st Cir. 2001)

(citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson, 987 F.2d at 3).

## III

## Analysis

Before this Court, plaintiff argues that the hearing justice erred when he granted judgment on the pleadings because: (1) defendant did not establish beyond a reasonable doubt that there were no facts that could entitle plaintiff to relief; and (2) the contractually imposed two-year limitation period to bring suit should not begin to run until defendant breached the contract by refusing to pay the claim. We are not persuaded by either of plaintiff's arguments.

## A

This Court has routinely upheld provisions in insurance contracts that require the insured to commence legal actions within a time period that is less than the legislatively enacted statute of limitations. See, e.g., National Refrigeration, Inc. v. Travelers Indemnity Co. of America, 947 A.2d 906, 912 (R.I. 2008) (upholding two-year limitations provision); Hay v. Pawtucket Mutual Insurance Co., 824 A.2d 458, 460, 461 (R.I. 2003) (in upholding a two-year limitation, this Court wrote that "[w]e have long adhered to the validity of limitations periods in insurance contracts").

It is true that "[i]n exceptional circumstances, settlement negotiations can estop a party from invoking the statute of limitations if accompanied 'by certain statements or conduct calculated to lull the claimant into a reasonable belief that his claim will be settled without a suit.'" National Refrigeration, Inc., 947 A.2d at 911 (quoting McAdam v. Grzelczyk, 911 A.2d 255, 259 (R.I. 2006)). However, "[m]ere negotiations between the insurer and a claimant cannot

- 5 -

alone justify the application of estoppel. If so, settlement negotiations would be frustrated and impeded." Greater Providence Trust Co. v. Nationwide Mutual Fire Insurance Co., 116 R.I. 268, 272, 355 A.2d 718, 720 (1976).

Estoppel may occur if "(1) the insurer, by his actions or communications, has assured the claimant that a settlement would be reached, thereby inducing a late filing, or (2) the insurer has intentionally continued and prolonged the negotiations in order to cause the claimant to let the limitation pass without commencing suit." McAdam, 911 A.2d at 260 (quoting Gagner v. Strekouras, 423 A.2d 1168, 1170 (R.I. 1980)).

**B**

Because this case comes to us on defendant's motion for judgment on the pleadings, we must assume that everything plaintiff alleges in his complaint is true. See Tri-Town Construction Co., 139 A.3d at 478. We may, however, look to the insurance contract to apply the facts, as alleged by plaintiff, to the contract. See Alternative Energy, Inc., 267 F.3d at 33.

Here, the insurance contract requires that plaintiff be in "full compliance with the policy provisions" before he may bring suit. It is clear from the pleadings that plaintiff did not comply with the terms of the insurance contract because he failed to bring suit within two years from the date of loss. The plaintiff argues that the two-year clock should not begin to tick "until the [d]efendant insurer formally rejects the [p]laintiff's claim because the causes of action for breach of contract and bad faith did not accrue until the insurance company breached the contract by refusing to pay the claim." As appealing as this reasoning may be on the surface, it is unavailing because the insurance contract clearly states that "[a]ny action must be started within two years after the <u>date of loss</u> or damage[,]" and not from the date that the claim is rejected. (Emphasis

- 6 -

added.)  In this case, the casualty loss occurred in June 2010, but the suit was not filed until four years later, in November 2014.

The plaintiff's only possibility of extracting himself from the two-year limitation provision is if he were to succeed on an estoppel argument.  However, as with the compliance issue, the plaintiff simply has not pled sufficient facts that would create a prima facie estoppel argument.  The sole hint that the defendant may be estopped from enforcing the two-year provision is the plaintiff's broad and undetailed allegation that the defendant "engaged in a pattern of dilatory conduct thereby refusing to fulfill its obligations under the [p]olicy."  Without more than this salvo, however, we cannot make the leap to assuming that the delay was aimed at inducing or causing the plaintiff to exceed the two-year contractual window in which to file suit.  Thus, any estoppel argument must necessarily fail.[4]

## IV

## Conclusion

For the reasons set forth herein, we affirm the Superior Court's judgment.  The record shall be remanded to that tribunal.

---

[4] At oral argument, citing Haley v. Town of Lincoln, 611 A.2d 845, 848 (R.I. 1992), plaintiff asserted that the level of detail contained in his complaint was sufficient to survive a motion pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure and that requiring him to provide more would violate the liberal pleading standards set forth in Rule 8(a) of the Superior Court Rules of Civil Procedure.  However, this argument was not raised in the Superior Court, nor was it raised in plaintiff's written submissions to this Court.  Thus, we consider the argument to be waived.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Eric Chase v. Nationwide Mutual Fire Insurance Company. |
| **Case Number** | No. 2015-368-Appeal. (PC 14-5684) |
| **Date Opinion Filed** | May 23, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Joseph F. Hook, Esq. |
| | For Defendant:<br><br>Kristen M. Whittle, Esq.<br>Stephens Adams, Esq. |

SU-CMS-02A (revised June 2016)