February 16, 2023

**Supreme Court**

No. 2021-329-Appeal.
(PC 20-3517)

Raymond Paul Montaquila et al.     :

v.                    :

Flagstar Bank, FSB.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Raymond Paul Montaquila et al.　　　:

v.　　　　　　　　　:

Flagstar Bank, FSB.　　　　:

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  This case came before the Supreme
Court on December 1, 2022, pursuant to an order directing the parties to appear and
show cause why the issues raised in this appeal should not be summarily decided.
The plaintiffs, Raymond Paul Montaquila (Raymond) and Paula M. Montaquila
(Paula) (collectively, the Montaquilas), appeal from a judgment of the Superior
Court following the grant of defendant Flagstar Bank, FSB's (Flagstar) motion for
judgment on the pleadings.[1]  After considering the parties' written and oral
submissions and reviewing the record, we are satisfied that cause has not been shown

---

[1] The Montaquilas will be referred to individually by their first names for
convenience.  No disrespect is intended.  Moreover, for clarity purposes, it should
be noted that Raymond and Paula are mother and son and not husband and wife.

and that the appeal may be decided at this time.  For the reasons set forth herein, we affirm in part and vacate in part the judgment of the Superior Court.

**Facts and Travel**

On March 18, 2008, the Montaquilas obtained a mortgage loan in the amount of $206,755 (the Loan) from Flagstar, using their property located at 33 Zella Street, Providence, RI 02908 (the Property), as collateral.[2]  The Loan included a mortgage document which provided that "[t]he Mortgagor is Raymond Paul Montaquila and Paula M Montaquila, whose address is 33 Zella St[reet,] Providence, RI 02908-2315 ('Borrower')."  This document also contained a notice provision which stated that:

> "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph."[3]

---

[2] The Montaquilas executed a mortgage with Flagstar as the lender and Mortgage Electronic Registration Systems as the mortgagee.

[3] The mortgage document also contained a governing law provision, which provided that "[t]his Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located."

On October 20, 2016, the Montaquilas signed a partial claim mortgage, which, similar to the Loan, provided that "[t]he Mortgagor is Raymond Paul Montaquila and Paula M. Montaquila, whose address is 33 Zella Street, Providence, RI 02908 ('Borrower')." The partial claim mortgage also contained a notice provision nearly identical to that contained in the Loan.

According to Flagstar, on December 24, 2018, Flagstar sent Raymond a face-to-face-meeting letter by certified mail in accordance with 24 C.F.R. § 203.604(b), inviting him "to discuss potential loss mitigation options over the phone or to schedule a face-to-face interview at the loan servicing center nearest [him]."[4] Soon after sending this face-to-face-meeting letter, on January 18, 2019, Flagstar visited the Property through a third-party vendor and left a door hanger at the Property. Subsequently, on April 9, 2019, Flagstar purportedly received authorization from the Rhode Island Housing Authority to proceed with a foreclosure action against the Property based on the Montaquilas' failure "to respond to the request of the [Rhode Island Housing] Agency to appear for the Mediation Conference or otherwise participate in the Mediation Conference" pursuant to G.L. 1956 § 34-27-3.2. Consequently, on April 29, 2019, Flagstar sent both Raymond and Paula, via certified mail addressed to the Property, notice of Flagstar's intention to foreclose

---

[4] Paragraph 9(d) of the Loan incorporated by reference regulations of the Secretary of the Department of Housing and Urban Development, including 24 C.F.R. § 203.604.

on the Property by power of sale. In accordance therewith, a foreclosure sale was conducted for the Property on June 24, 2019.

On April 28, 2020, the Montaquilas filed suit against Flagstar for wrongful acceleration, foreclosure, and sale of the Property. Thereafter, the Montaquilas filed a second amended complaint, alleging that Flagstar failed to comply with 24 C.F.R. § 203.604 by not sending Paula a face-to-face-meeting letter and by failing to provide the Montaquilas with an opportunity for a face-to-face meeting "via a trip to the Property for the specific purpose of arranging a face to face meeting." The Montaquilas also alleged that Flagstar's foreclosure on the Property violated G.L. 1956 §§ 34-11-22 and 34-27-4 because Flagstar sent Paula's notice of foreclosure to the address of the Property, rather than to Paula's address listed with the tax assessor's office for the City of Providence. Specifically, the Montaquilas alleged that:

> "The last known address of Plaintiff, Paula M. Montaquila, that is also listed with the tax assessor's office of the City of Providence is 25 Enfield Avenue, Providence, RI 02908. A notice in accordance with R.I.G.L. § 34-11-22 and R.I.G.L. § 34-27-4 was not sent to Paula M. Montaquila at 25 Enfield Avenue, Providence, RI 02908. Plaintiffs further allege that Defendant had knowledge that 25 Enfield Avenue was Paula Montaquila's last known address and failed to send her the required notice at 25 Enfield."

After filing an answer to the Montaquilas' second amended complaint, Flagstar filed a motion for judgment on the pleadings, arguing that the

Montaquilas' complaint should be dismissed with prejudice. The trial justice issued a bench decision granting Flagstar's motion and dismissing the Montaquilas' complaint. With respect to the notice of foreclosure, the trial justice determined that Flagstar complied with the notice requirements contained in the mortgage contracts and, therefore, did not violate §§ 34-11-22 or 34-27-4. As to the face-to-face-meeting letter, the trial justice concluded that Flagstar was under no obligation to arrange a face-to-face meeting with Paula pursuant to 24 C.F.R. § 203.604(c)(1) because the Montaquilas specifically alleged that Paula resided somewhere other than at the Property. The trial justice additionally rejected the Montaquilas' argument that the trip by the third-party vendor was insufficient, reasoning that the person making the trip need only be "prepared to * * * establish contact to arrange [a face-to-face] meeting" and that Flagstar had shown that the requirements of 24 C.F.R. § 203.604(d) had been satisfied.

An order consistent with the trial justice's bench decision entered on October 5, 2021, granting Flagstar's motion for judgment on the pleadings. On the same day, final judgment entered in favor of Flagstar. The Montaquilas filed a timely notice of appeal.[5]

---

[5] The Montaquilas filed a premature notice of appeal on September 16, 2021, prior to the October 5, 2021 entry of judgment. Because judgment ultimately entered, the Court treats this appeal as timely. *Premier Home Restoration, LLC v. Federal National Mortgage Association*, 245 A.3d 745, 747 (R.I. 2021).

## Standard of Review

"Pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure, a hearing justice may 'dispose of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided.'" *Houle v. Liberty Insurance Corporation*, 271 A.3d 591, 593 (R.I. 2022) (brackets omitted) (quoting *Premier Home Restoration, LLC v. Federal National Mortgage Association*, 245 A.3d 745, 748 (R.I. 2021)); *see also Nugent v. State Public Defender's Office*, 184 A.3d 703, 706 (R.I. 2018). "For the purposes of our review[,] a Rule 12(c) motion is tantamount to a Rule 12(b)(6) motion, and the same test is applicable to both." *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017) (brackets and deletion omitted) (quoting *Chariho Regional School District v. Gist*, 91 A.3d 783, 787 (R.I. 2014)).

"When reviewing the decision of a hearing justice on a motion for judgment on the pleadings pursuant to Rule 12(c), we utilize the Rule 12(b)(6) motion-to-dismiss test." *Houle*, 271 A.3d at 593 (brackets omitted) (quoting *Nugent*, 184 A.3d at 706). "That is, we confine ourselves to the four corners of the complaint, assume that the allegations set forth are true, and resolve any doubts in favor of the complaining party." *Chase*, 160 A.3d at 973 (quoting *Tri-Town Construction Company v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016));

*see also Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I. 2011). "A motion to dismiss may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim." *Chase*, 160 A.3d at 973 (quoting *Tri-Town Construction Company*, 139 A.3d at 787).

"Ordinarily, when ruling on a motion to dismiss brought under Rule 12(b)(6) or Rule 12(c), 'a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.'" *Chase*, 160 A.3d at 973 (quoting *Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id*. (quoting *Alternative Energy, Inc.*, 267 F.3d at 33).

## Discussion

On appeal, the Montaquilas challenge the trial justice's decision to grant Flagstar's motion for judgment on the pleadings on two points: (1) that the trial justice erred in finding that Flagstar complied with §§ 34-11-22 and 34-27-4(b) in mailing Paula a notice of foreclosure to the Property; and (2) that the trial justice erred in finding that Flagstar complied with 24 C.F.R. § 203.604 by sending only

Raymond a face-to-face-meeting letter and leaving a door hanger at the Property that apparently failed to mention, among other things, the door hanger's purpose. The Montaquilas contend that the trial justice erred in finding that Flagstar complied with §§ 34-11-22 and 34-27-4(b) by sending Paula's notice of foreclosure to the Property, rather than to her last known address listed with the tax assessor's office. Specifically, the Montaquilas argue that the notice provision contained in § 34-27-4(b) expressly requires that notice be sent to "the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located * * *." Section 34-27-4(b). The Montaquilas maintain that their factual pleadings, which must be taken as true and viewed in the light most favorable to them, clearly allege that Flagstar failed to comply with §§ 34-11-22 and 34-27-4(b) by not sending notice to Paula's last known address, which was listed with the tax assessor's office as 25 Enfield Avenue, Providence, RI 02908.

In response, Flagstar argues that the trial justice correctly concluded that it complied with the statutory notice requirements set forth in §§ 34-11-22 and 34-27-4(b) because the parties' pleadings demonstrated that Paula never informed Flagstar that she was not living at the Property. Further, Flagstar maintains that the notice requirements contained in the mortgage documents align completely with the statutory notice requirements, and, thus, because the trial justice found Flagstar to

have complied with the notice requirements contained in the mortgage documents, Flagstar also complied with the statutory notice requirements set forth in §§ 34-11-22 and 34-27-4(b). Therefore, according to Flagstar, the trial justice correctly concluded that it complied with the applicable statutory notice provisions because notice of the sale was sent via certified mail, return receipt requested, to Paula at her last known address.

At the outset, we note that the statutory power of sale set forth in § 34-11-22, although not required, may be incorporated into any mortgage by reference. *See* § 34-11-22; *see also Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1084 (R.I. 2013). "This Court has construed notice requirements contained in contracts as requiring strict compliance as a condition precedent." *Woel v. Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17*, 228 A.3d 339, 345 (R.I. 2020). "[S]trict compliance with the notice requirements in a mortgage is especially important given that Rhode Island is a nonjudicial foreclosure state." *Id*. Thus, "[b]ecause mortgagees in Rhode Island may accelerate the mortgage and conduct a foreclosure sale without immediate judicial oversight," compliance with notice requirements "prevents mortgagees from accelerating and foreclosing without first providing a notice * * * that adequately informs the mortgagor of his or her rights under the mortgage contract." *Id*. at 345-46.

In concluding that Flagstar complied with §§ 34-11-22 and 34-27-4, the trial justice explained that the right to exercise the power of sale in a mortgage contract is derived from contract, not statute. The trial justice reasoned that both the 2008 and 2016 mortgage documents contained identical language concerning notice and that Flagstar complied with these notice provisions when it sent Paula the notice of foreclosure, via certified mail, addressed to the Property. The parties do not dispute that the mortgage documents, specifically Paragraph 18 of the Loan and Paragraph 7 of the partial claim mortgage, incorporated by reference the statutory power of sale. However, the parties do dispute whether the notice requirements contained in the mortgage documents align with the statutory notice requirements contained in § 34-27-4(b). The notice provision contained in the Loan provided that:

> "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender."

Similarly, the notice provision contained in the partial claim mortgage provided that:

> "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the

Property Address or any other address Borrower designates by notice to Lender."

Section 34-27-4(b), however, provides that:

"[N]o notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate *and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located* or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address * * *." (Emphasis added.)

While all three notice provisions required Flagstar to mail notice to the Property's address, or any other address the Montaquilas might designate by notice, a plain reading of § 34-27-4(b) makes clear that, if the mortgagor's address is *different* from the address of the real estate, the mortgagee must mail written notice of the sale to both the address of the real estate, as well as the mortgagor's address listed with the tax assessor's office. *See Peter Scotti & Associates, Inc. v. Yurdin*, 276 A.3d 915, 926 (R.I. 2022) ("We end the process of statutory construction upon concluding that a statute has a plain meaning because our ultimate goal is to give effect to the General Assembly's intent * * *.") (quoting *State v. Diamante*, 83 A.3d 546, 550 (R.I. 2014)). This is true even though the notice provisions contained in the mortgage documents did not expressly impose such a requirement because the mortgage documents incorporated §§ 34-11-22 and 34-27-4 by reference, with strict

- 11 -

compliance required. *See Woel*, 228 A.3d at 345-46 (holding that mortgagees must strictly comply with notice requirements contained in mortgage contracts).

In deciding Flagstar's motion for judgment on the pleadings, the trial justice was confined to the four corners of the complaint, was required to assume that the allegations set forth therein were true, and to resolve any doubts in favor of the complaining party. *Chase*, 160 A.3d at 973; *Tri-Town Construction Company*, 139 A.3d at 478. In the instant case, the Montaquilas alleged that Paula's last known address listed with the tax assessor's office was 25 Enfield Avenue, not the Property. While Flagstar denied this allegation in its answer, there was nothing in the pleadings definitively resolving what address was listed with the tax assessor's office at the time Flagstar mailed Paula the notice of foreclosure.[6] At this stage in the litigation, the trial justice was required to resolve this disputed material fact in favor of the Montaquilas, as the complaining party, and the failure to do so was erroneous. The procedural posture of a motion for judgment on the pleadings requires the trial justice to take as true all the allegations contained in the nonmovant's pleadings, and to resolve any disputed facts in favor of the nonmovant in ruling on the motion. *See Heritage Healthcare Services, Inc. v. Beacon Mutual*

---

[6] Similarly, the parties disputed in their pleadings whether Flagstar was aware whether Paula was residing at the Property or not. This is another disputed material fact that should have been resolved in favor of the Montaquilas in ruling on a motion for judgment on the pleadings.

- 12 -

*Insurance Co.*, 109 A.3d 373, 377 (R.I. 2015) ("The court must accept that 'the factual allegations contained in the nonmovant's pleadings are admitted as true for purposes of the motion,' and 'all proper inferences are to be drawn in favor of the nonmovant.'") (brackets and deletion omitted) (quoting *Haley v. Town of Lincoln*, 611 A.2d 845, 847 (R.I. 1992)). For these reasons, we vacate the decision of the Superior Court in this regard, and remand this matter for further proceedings.

With respect to the Montaquilas' contention that Flagstar violated 24 C.F.R. § 203.604 by not sending Paula a face-to-face-meeting letter, § 203.604(c) sets forth instances in which a face-to-face meeting is not required. *See* 24 C.F.R. § 203.604(c). Specifically, 24 C.F.R. § 203.604(c)(1) provides that no face-to-face meeting is required if the mortgagor does not reside at the mortgaged property. *See id.* In the instant case, the Montaquilas specifically alleged that Paula's last known address was 25 Enfield Avenue, not the Property. Assuming this fact is true, as the trial justice correctly did, the Montaquilas are not entitled to the relief they seek. Put simply, if Paula did not reside at the Property, she was not entitled to receive a face-to-face-meeting letter.

Finally, with respect to any argument relative to the sufficiency of notice as to Raymond pursuant to 24 C.F.R. § 203.604, the pleadings are clear that Raymond resided at the Property, that Raymond received a certified face-to-face-meeting letter, and that a door hanger was left at the Property by a third-party vendor.

As the trial justice correctly noted, 24 C.F.R. § 203.604(d) merely requires the person making the trip to the property be prepared to establish contact to arrange a face-to-face meeting. *See* 24 C.F.R. § 203.604(d). Specifically, 24 C.F.R. § 203.604(d) states that, "[s]uch a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property * * *." *Id*. Indeed, the door hanger left at the Property by the third-party vendor evidences the fact that at least one trip was made to see Raymond at the Property. Therefore, we are satisfied that Raymond received sufficient notice and that Flagstar complied with 24 C.F.R. § 203.604(d). For these reasons, the trial justice did not err in concluding that Flagstar complied with 24 C.F.R. § 203.604 in sending only Raymond a face-to-face-meeting letter.

## Conclusion

For the foregoing reasons, we affirm in part and vacate in part the judgment of the Superior Court, and remand this case for further proceedings consistent with this opinion. The record shall be returned to the Superior Court.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Raymond Paul Montaquila et al. v. Flagstar Bank, FSB. |
| **Case Number** | No. 2021-329-Appeal.<br>(PC 20-3517) |
| **Date Opinion Filed** | February 16, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Todd S. Dion, Esq. |
| | For Defendant:<br><br>Jason E. Manning, Esq., *Pro Hac Vice*<br>Thomas W. Lyons, Esq. |