May 21, 2026

**Supreme Court**

No. 2024-331-Appeal.
(PC 22-2182)

El Bebe Day Care Center, Inc., et al.   :

v.               :

Rhode Island Department of Elementary :
  and Secondary Education, through its
  chair Patricia DiCenso, in her official
          capacity only.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

El Bebe Day Care Center, Inc., et al.　　:

　　　　　　　　v.　　　　　　　　　　:

Rhode Island Department of Elementary　:
　and Secondary Education, through its
　chair Patricia DiCenso, in her official
　　　　　capacity only.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.** The plaintiffs, El Bebe Daycare Center, Inc., Luis Briceno, and Yulissa Junco (collectively, plaintiffs) appeal from a Superior Court judgment in favor of the defendant, the Rhode Island Department of Elementary and Secondary Education (RIDE), following the entry of an order granting RIDE's motion to dismiss. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

For over three years, plaintiffs participated in the Child and Adult Care Food Program (CACFP), a federal program operated by RIDE. The CACFP assists states through grants and other means "to initiate, maintain, and expand nonprofit food service programs for children and adult participants in non-residential institutions which provide care." 7 C.F.R. § 226.1. The CACFP "is intended to provide aid to child and adult participants and family or group day care homes for provision of nutritious foods that contribute to the wellness, healthy growth, and development of young children, and the health and wellness of older adults and chronically impaired persons." *Id.* In May of 2019, plaintiffs received a notice of proposed termination from the CACFP alleging serious deficiencies in their compliance with the program, including inaccurate daily meal counts and noncompliance with meal pattern requirements.

The plaintiffs, through counsel, requested an administrative review of the proposed termination, which RIDE provided. RIDE designated an administrative review official (ARO) to review the proposed termination. Upon reviewing documentation submitted by RIDE and plaintiffs, the ARO ultimately determined that plaintiffs' serious deficiencies had not been fully and permanently corrected. The ARO noted in her decision that plaintiffs had not attended the last two annual training sessions for CACFP participants and had ignored a letter from RIDE

offering targeted training. Ultimately, the ARO upheld RIDE's termination decision.

On July 22, 2019, plaintiffs appealed the ARO's decision to the Superior Court (PC 19-7716). In their amended complaint, plaintiffs alleged that the ARO's decision was unsupported by the record and that she had failed to consider mitigating evidence. The plaintiffs also alleged that the notice of proposed termination did not inform them of their right to a hearing, in violation of 7 C.F.R. § 226.6(k). The plaintiffs sought reinstatement to the CACFP, declaratory relief, and attorneys' fees. RIDE answered the amended complaint, and both parties filed supporting memoranda in 2020. However, the appeal was never set for decision.

The plaintiffs filed a second complaint against RIDE in the Superior Court on April 18, 2022. The new complaint asserted only one count, alleging disparate treatment and disparate impact under G.L. 1956 § 42-112-1, the Rhode Island Civil Rights Act (RICRA). Specifically, plaintiffs alleged that RIDE engaged in discriminatory actions against plaintiffs by failing to provide them with (1) the same level of instruction and feedback as entities owned by white individuals and (2) materials in Spanish. The plaintiffs alleged that RIDE's discriminatory treatment resulted in a disparate impact on them because they are Hispanic. The plaintiffs sought damages for their emotional distress, lost income, damage to reputation, attorneys' fees, and costs.

In response, RIDE filed a motion to dismiss, arguing that plaintiffs' complaint should be dismissed under the doctrines of *res judicata*, administrative finality, and the raise-or-waive rule. RIDE contended that plaintiffs' complaint must be dismissed under *res judicata* principles because the ARO's review was a quasi-judicial proceeding, involving the same transaction and the same parties, and culminating in a final agency decision, prior to which plaintiffs could have raised their discrimination claims. RIDE also argued that the doctrine of administrative finality barred plaintiffs' complaint because they had already received a final agency decision and there had been no change in material circumstances. Lastly, RIDE contended that the raise-or-waive rule should bar plaintiffs' complaint because they could have raised their discrimination claims before the ARO or in their 2019 agency appeal but failed to do so.

The plaintiffs objected to RIDE's motion, arguing that the complaint was not barred by *res judicata* because before the ARO: (1) they had fewer procedural safeguards; (2) the relief now sought was not available; and (3) the facts alleged in the instant action could not have been raised. The plaintiffs did not dispute that they had not raised their discrimination claims in the administrative appeal, but they argued that because the administrative body did not have the authority to hear those claims, *res judicata* did not apply. The plaintiffs argued that the ARO could determine only whether RIDE properly terminated their enrollment in the CACFP,

not whether RIDE had treated plaintiffs equally. Further, plaintiffs stated that because the ARO could not have awarded them damages, she could not have remedied their claims. Furthermore, plaintiffs pointed out that RIDE's procedures for appealing an adverse CACFP action (hereinafter, the appeal procedures) do not mention discrimination and that neither the Code of Federal Regulations nor Rhode Island law requires that those issues be raised.

Next, plaintiffs argued that they did not have a full and fair opportunity to litigate their discrimination claims before the ARO, and that, therefore, *res judicata* should not apply. The plaintiffs contended that the time constraints and evidentiary limitations imposed on their appeal by 7 C.F.R. § 226.6(k) deprived them of the ability to prove a discrimination claim. Because plaintiffs were seeking a different remedy (damages) than they had sought before the ARO (reinstatement), they argued that administrative finality did not bar their action. Lastly, plaintiffs argued that the raise-or-waive rule did not apply because there was no jurisdiction for the ARO to grant the relief now sought in the administrative appeal, and no discovery was available to develop their discrimination claims.

RIDE filed a reply memorandum, arguing that neither exception to *res judicata* applied to plaintiffs' complaint. RIDE argued that the ARO was delegated with the jurisdiction and authority to hear all claims relating to schools or education, which would necessarily include plaintiffs' discrimination claims. Moreover, RIDE

argued that the ARO did have the authority to award plaintiffs damages relating to their discrimination claims, and thus no formal barriers existed. RIDE stated that the plaintiffs had a full and fair opportunity to litigate their discrimination claims because the relevant regulations and procedures permitted plaintiffs to raise the claims before the ARO, and that the alleged acts stemmed from plaintiffs' termination from the CACFP, which was the sole issue before the ARO.

A hearing on the motion to dismiss commenced on June 6, 2023. RIDE emphasized the points raised in its memorandum, stating that plaintiffs' lawsuit was an impermissible attempt to get a second bite at the apple. The plaintiffs reiterated that the administrative appeal was governed by 7 C.F.R. § 226.6 and that, due to time and discovery constraints, expecting a plaintiff to proceed with a discrimination claim under that regulation would be absurd.

The hearing justice assessed whether *res judicata* barred plaintiffs' action, noting that, although all three elements (identity of parties, identity of issues, and a final judgment on the merits) were met, there were two exceptions to the doctrine that could apply. The hearing justice determined that the first exception, which bars the application of *res judicata* when the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, did not apply because under the appeal procedures created by RIDE pursuant to 7 C.F.R. § 226.6(k), the plaintiffs were required to present the

reasons they disagreed with RIDE's action.    The hearing justice next determined that the second exception to *res judicata*, which bars the doctrine's application when the procedures available in the initial proceeding constitute formal barriers that prevent full presentation of a party's claims, did not apply because plaintiffs had substantially the same rights before the ARO that they would have had before a court.    Specifically, he explained, plaintiffs had: notice of RIDE's proposed termination; an opportunity to respond; the ability to be represented by counsel; the ability to access any information on which RIDE's action was based; the opportunity to prepare and submit written arguments to the hearing officer; the right to a hearing before an independent and impartial hearing officer; the right to receive a final decision with the basis for the decision; and the right to seek judicial review of the decision. Therefore, the hearing justice determined there had been no formal barriers to the presentation of plaintiffs' discrimination claims.    Accordingly, the hearing justice ruled that *res judicata* barred plaintiffs' complaint and granted RIDE's motion to dismiss.[1]    An order to that effect entered on June 14, 2023; judgment entered in favor of RIDE on June 15, 2023.  The plaintiffs timely appealed.

---

[1] Because he ruled on the basis of *res judicata*, the hearing justice declined to address RIDE's other arguments.

## Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Rosario v. Nationstar Mortgage, LLC*, 332 A.3d 173, 176 (R.I. 2025) (quoting *Maltais v. Maltais*, 306 A.3d 449, 452 (R.I. 2024)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice. * * * We are thus confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiffs' favor." *Id.* (quoting *Maltais*, 306 A.3d at 452). "Nevertheless, 'allegations that are more in the nature of *legal* conclusions rather than factual assertions are not necessarily assumed to be true.'" *In re CVS Health Corporation Securities Litigation*, 328 A.3d 614, 621 (R.I. 2025) (quoting *DiLibero v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 1013, 1016 (R.I. 2015)).

When ruling on a motion to dismiss "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967, 971 (R.I. 2023) (quoting *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017)). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for

documents sufficiently referred to in the complaint." *Id.* (quoting *Chase*, 160 A.3d at 973).

## Discussion

On appeal, plaintiffs assert that the trial justice erred in determining that no exception to *res judicata* applied because (1) the ARO could not have addressed their discrimination claim, (2) formal barriers prevented them from proceeding with their discrimination claim before the ARO, and (3) plaintiffs were not given a full and fair opportunity to litigate their claims due to deficient procedures. The parties do not dispute that the three elements of *res judicata* (identity of parties, identity of issues, and finality of judgment) are met.[2] Therefore, the issue before this Court is whether an exception to *res judicata* bars the application of the doctrine to plaintiffs' complaint.

"*Res judicata* serves as a bar to a second cause of action where there exists: (1) identity of parties; (2) identity of issues; and (3) finality of judgment in an earlier

---

[2] A review of the lower court docket reveals that, to date, no final judgment has entered in the agency appeal. The last action in the case, a stipulation for an extension of time for RIDE to answer plaintiffs' complaint, was filed on August 5, 2022. Neither party has requested to assign the case for hearing. However, the parties do not dispute that there was a final judgment even though the administrative appeal is still pending. *See* Restatement (Second) *Judgments* § 13 (Oct. 2024 Update) ("The rules of res judicata are applicable only when a final judgment is rendered. * * * '[F]inal judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.").

action." *Runey v. Faring*, 336 A.3d 16, 20 (R.I. 2025) (quoting *Mello v. Killeavy*, 242 A.3d 53, 56 (R.I. 2020)). "The doctrine of *res judicata* bars the relitigation of all issues that were tried *or might have been tried* in an earlier action." *Town of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1036 (R.I. 2017) (quoting *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013)). We apply *res judicata* not only to judgments of a court but also to quasi-judicial administrative decisions. *Department of Corrections of State of Rhode Island v. Tucker*, 657 A.2d 546, 549 (R.I. 1995).

*Res judicata* does not apply "when 'the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim.'" *Plunkett v. State*, 869 A.2d 1185, 1190 (R.I. 2005) (brackets omitted) (quoting Restatement (Second) *Judgments* § 26(1)(d)). *Res judicata* also does not apply "when 'formal barriers in fact existed and were operative against a plaintiff in the first action,' preventing full presentation of his or her claim." *Plunkett*, 869 A.2d at 1190 (quoting Restatement (Second) *Judgments* § 26 at cmt. *c*).

The plaintiffs contend that under the appeal procedures, they could not have properly brought their discrimination claims before the ARO. Because the ARO could not provide them with a jury trial or the same relief and discovery mechanisms

as the Superior Court, plaintiffs argue that *res judicata* should not apply. The plaintiffs further argue that their agency appeal was governed by 7 C.F.R. § 226.6(k), which makes no mention of discrimination.

In response, RIDE argues that the hearing justice properly applied *res judicata* because the ARO did have the authority and jurisdiction to hear plaintiffs' discrimination claims, as the alleged adverse actions were taken in connection with RIDE's decision to terminate plaintiffs' participation in the CACFP. RIDE argues that neither 7 C.F.R. § 226.6(k) nor the appeal procedures precluded plaintiffs from raising their discrimination claims or seeking additional relief associated with those claims. RIDE contends that the appeal procedures require that plaintiffs' appeal must include any reasons for which they disagreed with RIDE's action and any additional relief sought from CACFP. Further, RIDE points to G.L. 1956 §§ 16-39-1 and 42-87-5(c), which, it argues, grant the ARO authority to award plaintiffs damages related to their discrimination claims.

Contrary to plaintiffs' contentions, no exception to *res judicata* applies to their claims. The appeal procedures provided plaintiffs with an opportunity to raise their discrimination claims before the ARO and the right to appeal that decision to the Superior Court.[3] Indeed, as the hearing justice explained, the appeal procedures

---

[3] The plaintiffs argue that only 7 C.F.R. § 226.6(k) governs their agency appeal, and that "[t]here are no other procedures set forth by RI Law [*sic*] which govern these proceedings." However, 7 C.F.R. § 226.6(k)(1) plainly states that the "State agency

- 11 -

included a non-discrimination statement; therefore, requiring plaintiffs to raise their discrimination claims was not inconsistent with the implementation of the scheme. The plaintiffs had the right to appeal "any other action by CACFP affecting a Sponsor's participation" in the program. Rhode Island Department of Education, *Appealing an Adverse Action by CACFP Procedures* § V(K) at 3 (2023). The plaintiffs claim that RIDE's alleged discriminatory acts negatively impacted their ability to participate in and comply with the CACFP. Because plaintiffs argue that these discriminatory acts adversely affected their participation in the CACFP, those claims should have been brought before the ARO.[4] *See DiBattista v. State*, 808 A.2d

must develop procedures for offering administrative reviews * * * consistent with paragraph (k) of this section." The RIDE appeal procedures direct participants to include, among other things, the reason(s) they disagree with RIDE's action, the relief they are seeking, and the type of review they are seeking. *See* Rhode Island Department of Education, *Appealing an Adverse Action by CACFP Procedures* § II(A) at 2 (2023).

[4] The plaintiffs argue that 7 C.F.R. § 226.6(k), which promulgates the requirements for administrative review, makes no mention of discrimination. This is true; however, subsection 7 C.F.R. § 226.6(m)(1) provides:

> "The State agency must provide technical and supervisory assistance to institutions and facilities to facilitate effective Program operations, monitor progress toward achieving Program goals, and ensure compliance with all requirements of title VI of the Civil Rights Act of 1964, title IX of the Education amendments of 1972, section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and the Department's regulations concerning nondiscrimination (parts 15, 15a, and 15b of this title). The State agency must maintain documentation of supervisory assistance activities, including reviews

1081, 1086-87 (R.I. 2002) (holding that the plaintiffs' due process claims, which could have been properly raised in a prior administrative appeal reviewing the plaintiffs' foster-care license revocation, were barred by *res judicata*). Although plaintiffs now seek money damages rather than reinstatement to the CACFP, *res judicata* bars any claim that "could have been litigated" in the prior action. *ElGabri v. Lekas*, 681 A.2d 271, 279 (R.I. 1996); *see also Town of Richmond v. Wawaloam Reservation, Inc.*, 850 A.2d 924, 934 (R.I. 2004) ("Because the proceeding before the zoning board of review involved an administrative agency acting in a quasi-judicial capacity, we hold that res judicata precludes defendants from relitigating issues or reasserting defenses that were or could have been argued before and decided by that board."). The plaintiffs could have raised their discrimination allegations before the ARO; however, they chose not to do so, and are thus precluded from raising them in a separate suit. *See Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1128 (R.I. 2018) ("[W]hile [the plaintiff] did not raise these claims in the first action, he *should* have, and he should have done so in accordance with the procedural guidelines provided by the relevant rules.").

---

conducted, corrective actions prescribed, and follow-up efforts." 7 C.F.R. § 226.6(m)(1).

The plaintiffs' allegations fall squarely into the program-assistance requirements imposed upon RIDE by the CACFP regulations, further evidencing that bringing discrimination claims before the ARO would have been consistent with the relevant regulatory scheme.

The plaintiffs contend that the time limitations concerning the hearing before the ARO imposed an absurd burden on them and eliminated their right to a jury trial or discovery. In response, RIDE argues that neither the CACFP regulations or the appeal procedures constricted plaintiffs' ability to raise and litigate their discrimination claims before the ARO. RIDE states that because the ARO could have awarded plaintiffs damages and, under §16-39-8, the ARO has the authority to issue subpoenas compelling the attendance of witnesses or the production of documents, plaintiffs' argument that formal barriers barred their discrimination claims is without merit.[5]

At the hearing before the ARO, there were no formal barriers that prevented the full presentation of plaintiffs' claims. The plaintiffs were entitled to notice of the proposed action, representation, review of the record, and a hearing or review of written documents by an impartial official. 7 C.F.R. § 226.6(k)(5); *Appealing an Adverse Action by CACFP Procedures* §§ III, IV. Moreover, plaintiffs had judicial

---

[5] General Laws 1956 § 16-39-8 provides, in relevant part:

> "In any hearing conducted within the department of elementary and secondary education, the commissioner of elementary and secondary education or the hearing officer shall have the power to issue subpoenas to compel the attendance of witnesses and the production of documents or other material. Subpoenas shall also be issued by the commissioner or hearing officer at the request of any party participating in any hearing."

review of the ARO decision available to them, which they did pursue. Sections 16-39-4, 42-35-15. However, plaintiffs elected not to allege their discrimination claims before the ARO, instead filing a separate action three years after their agency appeal was filed with the Superior Court. *See Plunkett*, 869 A.2d at 1191 ("We are satisfied that it was respondent's own choices, not the operation of a formal barrier, that prevented [the respondent] from litigating all his issues in one lawsuit."). Accordingly, plaintiffs' complaint is barred by *res judicata*, and no exception applies.

Before this Court, the parties also dispute whether the doctrine of administrative finality and the raise-or-waive rule apply to the plaintiffs' claims. Because we discern no error in the trial justice's determination that the complaint was barred by *res judicata*, we decline to address the parties' other arguments.

## Conclusion

For the reasons set forth herein, the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.

Justice Goldberg participated in the decision but retired prior to its publication.

- 15 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | El Bebe Day Care Center, Inc., et al. v. Rhode Island Department of Elementary and Secondary Education, through its chair Patricia DiCenso, in her official capacity only. |
| **Case Number** | No. 2024-331-Appeal.<br>(PC-2022-02182) |
| **Date Opinion Filed** | May 21, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Sonja l. Deyoe, Esq. |
| | For Defendant:<br><br>Kaelyn R. Phelps Prigge, Esq. |